IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

JEFF W. KNOBLOCH,

    Plaintiff,

v.

HOME WARRANTY, INC.,
JANE FREIDINGER, NATALIE
SCHNEIDERMANN and
DOUGLAS D. VAN'T HOF,

    Defendants.

Case No. 5:15-cv-04239

## COMPLAINT

**COMES NOW** the Plaintiff, Jeff W. Knobloch, by and through the undersigned counsel, and for his causes of action against the Defendants, Home Warranty, Inc., Jane Freidinger, Natalie Schneidermann, and Douglas D. Van't Hof, states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Jeff W. Knobloch ("Knobloch") resides in Quincy, Illinois and is a citizen of the State of Illinois.

2. Defendant Home Warranty, Inc. ("HWI") is a corporation incorporated, organized and (formerly) existing under the laws of the State of Iowa, having its principal office and place of business in Rock Rapids, Lyon County, Iowa, and is a citizen of the State of Iowa.

3. Defendant Jane Freidinger ("Freidinger") resides in Alamo, Texas and is a citizen of the State of Texas.

4. Defendant Natalie Schneidermann ("Schneidermann") resides in Rock Rapids, Lyon County, Iowa and is a citizen of the State of Iowa.

5. Defendant Douglas D. Van't Hof ("Van't Hof") resides in Alvord, Lyon County, Iowa and is a citizen of the State of Iowa.

6. This action arises out of the oppression of minority shareholder Knobloch by HWI and majority shareholders Freidinger, Schneidermann, and Van't Hof.

7. The matter in controversy exceeds the sum of $75,000.00.

8. The court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a)(1).

9. Venue is properly laid in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(2) or 28 U.S.C. § 1391(b)(3).

## OPERATIVE FACTS

10. HWI was incorporated on November 18, 1999 by Knobloch and Van't Hof.

11. HWI is a provider of home warranty programs throughout the Midwest.

12. On or about February 18, 2000, and in connection with the formation of HWI, Knobloch was issued 8,000 shares of HWI and Van't Hof was issued 12,000 shares of HWI.

13. On or about January 1, 2003, Knobloch was issued an additional 4,000 shares of HWI, which resulted in Knobloch and Van't Hof each owning fifty percent (50%) of the outstanding shares of HWI.

14. In late 2006, and as part of her initial employment agreement with HWI, Freidinger was issued 1,000 shares of HWI, and Knobloch became a minority shareholder owning forty eight percent (48%) of the outstanding shares of HWI. As part of her same initial employment agreement with HWI, Freidinger was issued an option to purchase up to 3,000

additional shares at approximately $40 per share within 3 years, however, Freidinger allowed the option to expire unexercised.

15. On or about April 9, 2011, Freidinger and Van't Hof removed Knobloch from and appointed Schneidermann to HWI's Board of Directors.

16. In late 2011, Schneidermann was issued 1,000 shares of HWI, reducing Knobloch's ownership percentage of the outstanding shares of HWI.

17. Pursuant to Article XI, Section 1 of HWI's Bylaws, "No transfer of shares of the common stock of the corporation … shall be made, nor any sale or assignment thereof be valid, unless such shares or securities shall have first been offered in writing to the corporation and secondly to the shareholders of the corporation."

18. On or about May 11, 2012, Freidinger, Schneidermann, and Van't Hof, as shareholders and members of the Board of HWI, and by and through HWI, voted to implement an employee incentive program to issue shares of non-voting stock (Class B shares) to employees that could be purchased at a par value of $1 and, in the event of their forced or voluntary separation from the company, were required to surrender said shares at the same share price. In the event shares were surrendered, the shares were available for purchase at par value only by HWI, or the existing Class A shareholders who were employees of HWI, in accordance with their current ownership percentage. Class B shares hold separate liquidation rights in violation of subchapter S of Chapter 1 of the Internal Revenue Code (sections 1361 through 1379), placing the subchapter S corporation status and subsequent shareholder tax advantages at risk. In addition, Knobloch was the only Class A shareholder not eligible to purchase these shares. Van't Hof, Freidinger, and Schneidermann were not restricted from purchasing shares at par value.

19. In early 2014, Freidinger, Schneidermann, and Van't Hof, as shareholders and members of the Board of HWI, and by and through HWI, caused HWI to purchase real property from Oakwood Properties, LLC, an entity owned 50/50 by Van't Hof and Knobloch, for substantially less than market value and without any authorization or approval from Knobloch.

20. In early 2014, Freidinger, Schneidermann, and Van't Hof, as shareholders and members of the Board of HWI, and by and through HWI, issued 33,600 additional shares of HWI common stock which diluted Knobloch's ownership percentage in HWI to 18.87%.

21. Knobloch was not offered the opportunity to purchase any of the HWI shares issued in early 2014.

22. Freidinger, Schneidermann, and Van't Hof, as majority shareholders of HWI, by and through HWI, performed certain actions which were not in the best interests of Knobloch, as minority shareholder of HWI, and which constitute breaches of their duties and shareholder oppression, including but not limited to:

   a. Diluting Knobloch's ownership in HWI;

   b. Distributing profits of HWI at diluted ownership percentages instead of ownership percentages in existence when taxes were paid and profits booked;

   c. Issuing and controlling Class B shares of HWI;

   d. Purchasing real property from Oakwood Properties, LLC;

   e. Mismanagement in accounting practices regarding HWI;

   f. Removing Knobloch as a Director of HWI;

   g. Prohibiting Knobloch from otherwise participating in HWI; and

   h. Refusing to declare dividends for HWI, but providing themselves with high compensation and leaving Knobloch with little return on his investment in HWI.

23. HWI, Freidinger, Schneidermann, and Van't Hof's conduct is the cause of damages sustained by Knobloch.

## COUNT I - BREACH OF FIDUCIARY DUTY

24. Knobloch realleges Paragraphs 1 through 23 as if fully set forth herein.

25. As majority and controlling shareholders, officers and directors of HWI, Freidinger, Schneidermann, and Van't Hof, by and through HWI, owed fiduciary duties to minority shareholder Knobloch.

26. Freidinger, Schneidermann, and Van't Hof, by and through HWI, breached their duties to and oppressed Knobloch in at least the following ways:

   a. Diluting Knobloch's ownership in HWI;

   b. Distributing profits of HWI at diluted ownership percentages instead of ownership percentages in existence when taxes were paid and profits booked;

   c. Issuing and controlling Class B shares of HWI;

   d. Purchasing real property from Oakwood Properties, LLC;

   e. Mismanagement in accounting practices regarding HWI;

   f. Removing Knobloch as a Director of HWI;

   g. Prohibiting Knobloch from otherwise participating in HWI; and

   h. Refusing to declare dividends for HWI, but providing themselves with high compensation and leaving Knobloch with little return on his investment in HWI.

27. These breaches were a proximate cause of monetary damage and loss to Knobloch.

WHEREFORE, Plaintiff, Jeff W. Knobloch, respectfully requests that judgment be entered against Defendants, Home Warranty, Inc., Jane Freidinger, Natalie Schneidermann, and Douglas D. Van't Hof, for actual monetary damages to be determined by the trier of fact, punitive damages as

warranted by the evidence, attorney fees, interest, and costs as provided by law, any and all other relief the Court deems just and equitable under the circumstances, and any and all other relief or damages allowed by law.

## COUNT II – OPPRESSIVE CONDUCT

28. Knobloch realleges Paragraphs 1 through 27 as if fully set forth herein.

29. In acting or failing to act as set forth above, the actions of Freidinger, Schneidermann, and Van't Hof, by and through HWI, against Knobloch were harsh, oppressive, hostile, and were designated to "freeze out" and "squeeze out" a minority shareholder.

30. The actions of Freidinger, Schneidermann, and Van't Hof, by and through HWI, were deliberate, malicious, and with a callous disregard for the rights of Knobloch.

31. These breaches were a proximate cause of monetary damage and loss to Knobloch.

WHEREFORE, Plaintiff, Jeff W. Knobloch, respectfully requests that judgment be entered against Defendants, Home Warranty, Inc., Jane Freidinger, Natalie Schneidermann and Douglas D. Van't Hof, for actual monetary damages to be determined by the trier of fact, punitive damages as warranted by the evidence, attorney fees, interest, and costs as provided by law, any and all other relief the Court deems just and equitable under the circumstances, and any and all other relief or damages allowed by law.

        Respectfully submitted,

        LaMARCA LAW GROUP, P.C.

    By:   /s/ Ryan C. Nixon
        Ryan C. Nixon AT0010519
        George A. LaMarca AT0004443
        1820 N.W. 118th Street, Suite 200
        Des Moines, Iowa 50325
        Telephone: 515-225-2600

Fax: 515-225-8581
E-mail:  rcnixon@lamarcalawgroup.com
   george@lamarcalawgroup.com
ATTORNEYS FOR PLAINTIFF
JEFF W. KNOBLOCH

Original filed.